IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| THE NEW WORLD BAPTIST CHURCH, LLC, | § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 5:17-cv-187 |
| NATIONWIDE PROPERTY AND CASUALTY INSURANCE COMPANY, KEVIN P. MCLOUGHLIN, AND MICHAEL ROBERT STULL, | § § § § § | |
| Defendants. | § | |

## NOTICE OF REMOVAL

Defendants Nationwide Property and Casualty Insurance Company, Kevin P. McLoughlin, and Michael Robert Stull (collectively, "Defendants"), through undersigned counsel and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, file this Notice of Removal of the lawsuit captioned Cause NO. 201-CI-02694; *The New World Baptist Church, LLC v. Nationwide Property and Casualty Insurance Company, Kevin P. McLoughlin, and Michael Robert Stull*; in the 166th Judicial District Court, Bexar County, Texas.

## I.
## BACKGROUND

1. Plaintiff The New World Baptist Church, LLC (hereinafter "Plaintiff") initiated the present action by filing its Original Petition in Cause No. 2017-CI-02694, in the 166th Judicial District Court, Bexar County, Texas on February 14, 2017 (the "State Court Action").[1]

2. Defendants appeared and answered on March 10, 2017, asserting a general denial to the claims and allegations made in Plaintiff's Original Petition.[2]

---

[1] See **Exhibit A,** Plaintiff's Original Petition.

[2] See **Exhibit B,** Defendants' Original Answer.

3. Pursuant to 28 USC § 1446(a), a copy of all process, pleadings, and orders served upon Defendants in the State Court Action are incorporated in Exhibit A. Pursuant to Local Rule 81, a complete copy of the state court file has been requested and will be filed upon receipt.

4. Pursuant to 28 U.S.C. § 1446(d), promptly after filing this Notice of Removal, Defendants will give written notice of the removal to Plaintiff through its attorney of record, and to the clerk of the 166th Judicial District Court, Bexar County, Texas.

5. Pursuant to 28 USC §§ 1446(b)(1) and 1446(c)(1), this Notice of Removal has been timely filed within thirty (30) days of service on Defendants of Plaintiff's Original Petition and less than one year after the commencement of this action.

## II.
## JURISDICTION

6. This Court has original jurisdiction pursuant to 28 U.S.C. § 1332, and the matter is removable to this Court pursuant to 28 U.S.C. § 1441(a) because there is complete diversity of citizenship between the properly joined parties and the amount in controversy exceeds $75,000 exclusive of interest and costs.

**A.  Diversity of Parties**

7. Plaintiff is domiciled in Bexar County, Texas.[3] Pursuant to 28 U.S.C. § 1332(a), therefore, Plaintiff is a citizen of the State of Texas.

8. Defendant Nationwide Property and Casualty Insurance Company is organized under the laws of Ohio and maintains its principal place of business in Ohio. Pursuant to 28 U.S.C. § 1332(c)(1), therefore, Nationwide is a citizen of the State of Ohio.

---

[3] See **Exhibit A**, Plaintiff's Original Petition at ¶ 2.

9. Defendant Michael Robert Stull is domiciled in Ankeny, Iowa, and is therefore a citizen of the State of Iowa.

10. Defendant Kevin P. McLoughlin is domiciled in San Antonio, Texas and is therefore a resident of Texas. However, McLoughlin has been improperly joined, as set forth below, and his citizenship should be disregarded for the purpose of determining diversity jurisdiction.

11. Accordingly, there is complete diversity between the properly joined parties pursuant to 28 U.S.C. § 1332(a).

### i. *Improper Joinder*

12. A defendant is improperly joined if the moving party establishes that (1) the plaintiff has stated a claim against a diverse defendant that he fraudulently alleges is non-diverse, or (2) the plaintiff has stated a claim against a defendant that he properly alleges is diverse.[4] Because McLoughlin is non-diverse, only the latter option is relevant in this matter.

13. A non-diverse defendant is improperly joined if "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against" the non-diverse defendant.[5] Courts may "conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim" against the non-diverse defendant.[6] Under such analysis, the critical question is whether the allegations of Plaintiff's Original Petition "contain sufficient factual matter, accepted as true, to state a claim to relief" under Texas law.[7] In undertaking its decision, courts are to apply federal pleading standards to the asserted state court

---

[4] *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 199 (5th Cir. 2016).

[5] *Id.* at 200 (citing *Smallwood v. Ill. Cen. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc).

[6] *Id.*

[7] *Trang v. Bean*, 600 F. App'x 191, 193 (5th Cir. 2015) (internal citations omitted).

claim.[8] A plaintiff's obligation to provide the "grounds" for "entitle[ment] to relief" requires more than labels and conclusions and a formulaic recitation of the elements of a cause of action will not do.[9] Put simply, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."[10]

14.     Plaintiff has asserted causes of action against McLoughlin for violations of the Texas Deceptive Trade Practices Act and fraud related to the alleged failure to disclose policy terms. Plaintiff's contention is essentially that McLoughlin did not explain all of the exclusions under the policy, and that the policy "was not a full coverage Policy, but rather, one with specific exclusions."[11] Plaintiff has no plausible right to recover on these claims, however, because Texas courts do not impose a duty on insurers or agents to explain policy terms.[12] Instead, the insured has a duty to read the policy and, "failing to do so, is charged with knowledge of the policy terms and conditions."[13] Finally, absent some affirmative misrepresentation of the terms of coverage by an insurer or agent, an insured's mistaken belief concerning the extent of coverage is not grounds for a

---

[8] *Int'l Energy Ventures*, 818 F.3d at 200-08.

[9] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

[10] *Id.* at 570.

[11] *See* **Exhibit A,** Plaintiff's Original Petition at ¶ 13; *see also id.* at ¶ 63 ("…causing confusion as to the Policy benefits…" and "failure to discuss with Plaintiff material exclusions with the Plaintiff, knowing the Plaintiff had a metal roof").

[12] *See Glenn v. L. Ray Calhoun & Co.*, 83 F. Supp. 3d 733, 750 (W.D. Tex. 2015) (citing *Ruiz v. Gov't Employees Ins. Co.*, 4 S.W.3d 838, 841 (Tex. App. – El Paso 1999) (holding that an agent selling auto insurance on near the Mexican border had no duty to disclose that coverage was not provided while in Mexico)); *see also Garrison Contractors, Inc. v. Liberty Mut. Ins. Co.*, 927 S.W.2d 296, 300 (Tex. App. – El Paso 1996), aff'd 966 S.W.2d 482 (Tex. 1998) (holding that affirmative misrepresentation regarding the meaning of policy terms was actionable, but allegations of failures to disclose information readily obtainable from reading the policy found unsanctionable under the Texas Insurance Code).

[13] *Ruiz*, 4 S.W.3d at 841; *see also Amarco Petroleum, Inc. v. Tex. Pac. Indem. Co.*, 889 S.W.2d 695, 699 (Tex. App. – Houston [14th Dist.] 1994, writ denied); *Heritage Manor of Blaylock Props., Inc. v. Petersson*, 677 S.W.2d 689, 691 (Tex. App. – Dallas 1984, writ ref'd n.r.e.).

misrepresentation claim under the common law or DTPA.[14] Since Plaintiff has no plausible right to recovery against McLoughlin, he has been improperly joined and his citizenship should be disregarded for purposes of diversity jurisdiction.

**B.  Amount in Controversy**

15.  Plaintiff's Original Petition states that Plaintiff seeks "monetary relief of no less than $100,000.00, but no more than $200,000.00."[15] Plaintiff also alleged that the damage to its property was "currently estimated at $135,022.57."[16] The threshold for diversity jurisdiction, $75,000, is therefore met by the allegations of Plaintiff's Original Petition.

16.  Plaintiff further seeks compensation for (1) actual damages, (2) treble damages, (3) 18% penalty interest attorney's fees, (4) mental anguish damages, (5) pre and post-judgment interest, and (6) attorney's fees.[17] Plaintiff has alleged that Defendants' conduct was wrongful and done knowingly, entitling it to a trebling of actual damages under Texas Insurance Code Chapter 541.[18] Penalties, exemplary damages, and attorneys' fees are included as part of the amount in controversy.[19]

17.  The amount in controversy plainly exceeds $75,000, exclusive of interest and costs.[20] Accordingly, the amount in controversy requirement of 28 U.S.C. § 1332(b) is satisfied.

---

[14]  *L. Ray Calhoun*, 83 F. Supp. 3d at 750 (citing *Burton v. State Farm Mut. Auto. Ins. Co.*, 869 F. Supp. 480, 486 (S.D. Tex. 1994)) (common law claim); *see also State Farm Cty. Mut. Ins. Co. v. Moran*, 809 S.W.2d 613, 620-21 (Tex. App. – Corpus Christi 1991, writ denied) (DTPA claim).

[15]  *See* **Exhibit A,** Plaintiff's Original Petition at ¶ 102.

[16]  *Id.* at ¶ 95.

[17]  *Id.* at ¶¶ 99-102.

[18]  *Id.* at ¶ 96; Tex. Ins. Code sections 541.002 & 541.152.

[19]  *See H&D Tire & Automotive-Hardware, Inc. v. Pitney Bowes Inc.*, 227 F.3d 326, 330 (5th Cir. 2000); *see also St. Paul Reinsurance Co. v. Greenberg,* 134 F.3d 1250, 1253 (5th Cir. 1998).

[20]  *See* **Exhibit A,** Plaintiff's Original Petition.

## III.
## CONCLUSION

18. Removal of this action under 28 U.S.C. § 1441(a) is proper as the district courts of the United States have original jurisdiction over the matter pursuant to 28 U.S.C. § 1332, and as all requirements for removal under 28 U.S.C. § 1446 have been met.

19. WHEREFORE, Defendants Nationwide Property and Casualty Insurance Company, Kevin P. McLoughlin, and Michael Robert Stull hereby provide notice that this action is duly removed.

Respectfully submitted,

*/s/ Patrick M. Kemp*
Patrick M. Kemp
Texas Bar No. 24043751
pkemp@smsm.com
Robert G. Wall
Texas Bar No. 24072411
rwall@smsm.com
Lauren L. Burgess
Texas Bar No. 24082751
lburgess@smsm.com
Segal McCambridge Singer & Mahoney
100 Congress Avenue, Suite 800
Austin, Texas 78701
(512) 476-7834
(512) 476-7832 - Facsimile

**ATTORNEYS FOR DEFENDANTS NATIONWIDE PROPERTY AND CASUALTY INSURANCE COMPANY, KEVIN P. MCLOUGHLIN AND MICHAEL ROBERT STULL**

**CERTIFICATE OF SERVICE**

    This is to certify that a true and correct copy of the foregoing has been served upon the following counsel of record via certified mail, return receipt requested on this 10th day of March, 2017.

Chad T. Wilson                                         ***9414 7266 9904 2061 9254 88***
Kimberly N. Blum
Chad T Wilson Law Firm, PLLC
1322 Space Park Drive, Suite A155
Houston, Texas 77058
cwilson@cwilsonlaw.com
kblum@cwilsonlaw.com

                                      */s/ Patrick M. Kemp*
                                      Patrick M. Kemp